GheeR, J.,
delivered the opinion of the court.
In this case, the defendant in error Brought his action of covenant, to the September term 1845, of the circuit court of Davidson county, against the plaintiff in error, laying the damages' in his writ, at one thousand dollars. At the September term, 1846, the defendant failing to plead, the plaintiff, on the 16th of September, took judgment by default, and an inquiry of damages was awarded.
On the 20th of September, at the same term, the plaintiff moved for leave to amend his writ, by making his damages two thousand dollars, which was granted by the court. At May term 1847, a jury was sworn to enquire of the damages, and, returned a verdict for $2009,68, upon which verdict, judgment was rendered for the damages aforesaid, and the costs.
To reverse- this judgment, the present writ of error is brought. The plaintiff in error, now insists, that the court erred in proceeding to execute the enquiry of damages, .after the writ was amended, but that the judgment by default, should have been set aside, and time to plead allowed him.
It is not denied but that the court was authorized, by the act of 1809 ch. 49, sec. 21, to permit the amendment in question, at the stage of the proceeding, in which it was done in this case; but it is argued, that as the writ was enlarged by .the amendment, it is possible that the defendant might, if he had been permitted, have put in a plea, resisting the whole *533 demand; "which he did not choose to do, when only one thousand dollars was demanded by the writ.
We do not perceive the force of this argument. It is to be presumed, that a party who has a valid defence to an action, will not fail to put in that defence. If the plaintiff has no right to recover anything; it cannot be supposed the defendant would be willing he should recover one thousand dollars without defence, and if the plaintiff were entitled to any, the smallest damages he was entitled to his judgment by default, on the failure of the defendant to plead.
The judgment by default, would be precisely the same, whether the damages claimed were one, or two thousand dollars ; and if the plaintiff was entitled to recover any'’ thing, and, that he was, the defendant’s failure to plead proves, the fact that the amendment was made, after the judgment by default, could, by no possibility affect the/defendant injuriously. The only question for investigation was, as to the amount of damages, to which the plaintiff was entitled. By our practice, a defendant, is supposed to be in court, after the service of the writ, until the final judgment without entering his appearance ; and, as by law, the court may from time to time, amend the writ and other process on such terms, as in its discretion it may prescribe; it is incumbent on the other party, to ask for such order, as may be reasonable, or as the amendment allowed his adversary, may make necessary.
If he does not do this, and the court has exercised a sound discretion in allowing the amendment, it cannot be error, that the court has failed, to make an order, that additional pleadings may be filed, no such order being desired by the parties.
In this case, if Fowlkes had desired to plead, he would certainly have been permitted to do so, if he had produce!! a plea, with the proper affidavit. But as he failed to make *534 such application, we are to infer, that he did not wish to plead to the action.
Indeed, he could not possibly have any defence after the amendment, which would not have been equally, a defence before that order was made. And therefore, it would have, been absurd, for the court to have set aside the judgment by default, to give the party until another term, to make a de-fence which he had failed for a year after the declaration was filed, to put in.
The verdict and judgment are for $2009 68, and damage laid in the writ is $2000, only. It was error in the court to render judgment on this verdict; and the judgment must, therefore be reversed; but as the defendant in error, proposes, to remit the excess of damage beyond the sum laid in the writ; if he shall do so, this court, proceeding to render such judgment as the circuit court should have rendered, had such remittitur been made in that court, order that he recover the said sum of $2000, and the costs of the court below; but, that the plaintiff in error recover the costs of this writ of error.